IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dawn M. Jenkins )<br>    Plaintiff )<br> )<br>v. )<br> )<br> ) <br>AFNI, INC.; DIVERSIFIED )<br>CONSULTANTS, INC.; EQUIFAX )<br>INFORMATION SERVICES, LLC and )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC, )<br>    Defendants )<br> ) | Civil Action<br>No. 12-10622-WGY |

## MOTION TO DEEM FACTS ADMITTED
## AS AGAINST EQUIFAX INFORMATION SERVICES, LLC
## FOR FAILURE TO COMPLY WITH FRCP 36

Plaintiff Dawn M Jenkins hereby moves this Court for an order finding that each request in Plaintiff's First Set of Requests for Admissions to Defendant Equifax Information Solutions, Inc (herein "Equifax") is deemed admitted as a matter of law.

## FACTS

Plaintiff filed her First Amended Complaint against, Equifax, *et al* on June 15, 2012, asserting that Equifax a credit reporting agency, violated the FCRA and MGL by failing to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports purportedly concerning the Plaintiff; by repeatedly issuing credit reports to various third-parties, purportedly pertaining to the Plaintiff, which contained an erroneous entry which did not legitimately belong to the Plaintiff, despite having received actual notice, on repeated occasions, that such entry

was not hers or was otherwise inaccurate; and repeatedly violated their obligation to properly investigate disputed items in the Plaintiff's credit file maintained by them.

On January 12, 2012, the Plaintiff propounded discovery on Equifax in the form of "PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS TO DEFENDANT EQUIFAX" (herein FRFA) pursuant to Fed. R. Civ. Pro. 36, et seq. *See* Declaration of Dawn May Jenkins, attached hereto, and a true and correct copy of the following incorporated by reference;;

    a. FRFA mailed on January 12, 2013 to Equifax (Exhibit A) and;

    b. the email of January 12, 2013 showing the FRFA had been sent to Equifax (Exhibit B) and;

    c. the email of January 17, 2013 email received by Plaintiff from Equifax acknowledging its receipt of the FRFA (Exhibit C) and:

    d. the February 24, 2013 letter sent by email to Equifax (Exhibit D) and;

    e. the February 24, 2013 letter sent by certified mail to Equifax on February 25, 2013 (Exhibit E).

Pursuant to Fed. R. Civ. Pro. 36(a)(3) and Rule 6(d), which provides for an additional three (3) days for documents served via mailing pursuant to Rule 5(b)(2)(C), Equifax's response to the FRFA was due on or before February 15, 2013. As set-forth in the declaration of the Plaintiff, as of the date of this filing, Equifax has failed to respond to the FRFA and has waited approximately more 12 days after the FRFA were due, to request that Plaintiff stipulate to an additional seven (7) days for it to answer five (5) admissions.

## **ARGUMENT**

Federal Rule of Civil Procedure 36(a)(3) clearly sets forth the timeframe for responding to requests for admissions and the penalty for failing to do so – any matter not addressed within the thirty (30) day timeframe is deemed admitted. *See Lovejoy v. Owens*, 86 F.3d 1156, 1996 WL 287261, at *1-3 (6th Cir. 1996) (table case); *Heller Fin., Inc. v. Pandhi*, 888 F.2d 1391, 1989 WL 136091, at *4 (6th Cir. 1981) (table case)(upholding district court finding that par had forfeited right to challenge assertions of fact by failing to respond to requests for admission in time); *West Ky. Coal Co. v. Walling*, 153 F.3d 582m 587 (6th Cir. 1946) (matters upon which party had requested admission under Rule 36 were deemed admitted and no further proof was necessary because opposing party "neither specifically denied nor set forth any reasons why it could not truthfully admit or deny the facts concerning which admissions were requested"); *Chambers v. Ingram Cook Co.*, No. 09-14731, 2011 WL 4088681, at *5 (E.D. Mi. Sept. 14, 2011) ("Pursuant to Fed. R. Civ. Pro 36(a)[(3)], a matter is admitted if a party fails to respond to a requesting party's written request to admit within 30 days after being served. A matter admitted is conclusively established in the action at issue."). A matter deemed admitted is conclusively established for all purposes throughout the course of the litigation. Fed. R. Civ. Pro. 3 6(b); *see also Chambers*, 2011 WL 4088681 at *5.

As set forth in the attached declaration of Plaintiff and the February 24, 2013 letter, (Exhibit E), Equifax failed to respond to Plaintiff's FRFA. Therefore, Equifax should be deemed to have admitted each of the facts set forth in the Plaintiff's FRFA and those facts should be considered conclusively established for the remainder of this case, including for the purposes of any motion for summary judgment filed by Plaintiff.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant the Plaintiff's Motion and enter an Order finding each request set forth in the Plaintiff's FRFA to Defendant Equifax (attached as Exhibit A) is deemed admitted by Defendant Equifax for all purposes, and grant to the Plaintiff any further and additional relief that the Court deems just and warranted.

Dated: February 26, 2013

Respectfully submitted,

*/s/ Dawn May Jenkins, Pro Se*
Dawn May Jenkins
c/o 33 Eastern Avenue, Unit 2
Lynn, Massachusetts 01902
978-332-3798

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2013, I sent a true and correct copy

## MOTION TO DEEM FACTS ADMITTED AS AGAINST EQUIFAX INFORMATION SERVICES, LLC

## FOR FAILURE TO COMPLY WITH FRCP 36

by certified mail and by email

Brian J. Olson
KING & SPALDING LLP
1180 Peachtree St. N.E.
Atlanta, Georgia 30309
T: 404-215-5806/ F: 404-572-5100
bjolson@kslaw.com

Certified Mail  7012 0470 0002 4084 5118

and

Jason Curtin
jcurtin@rc.com
ROBINSON & COLE
One Boston Place
Boston, MA 02108-4404
Tel: (617) 557-5900

Certified Mail  7012 0470 0002 4084 5125

Defendants Counsel of Record
Equifax Information Services LL

Respectfully submitted,

_[signature]_
Plaintiff, Dawn May Jenkins