IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN M. JENKINS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:12-cv-10622-WGY |
| AFNI, INC.; DIVERSIFIED CONSULTANTS, INC.; EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC, | ) |
| Defendants. | ) |

## AFFIDAVIT OF ALICIA WILLIAMS

I, Alicia Williams, hereby declare on oath and under the penalties of perjury that the following is true and correct:

1.  My name is Alicia Williams. I am over the age of 18, suffer no legal disability, and am otherwise competent to make this affidavit.

2.  I am employed as Compliance Manager for Afni, Inc. ("Afni"). I am authorized to make this affidavit on Afni's behalf, and have personal knowledge based upon my review of the records regularly maintained and relied upon by Afni in the conduct of its business affairs, and if called upon to testify, I could and would competently testify thereto.

3.  I am custodian of the records or am otherwise familiar and competent to testify as to the authenticity of the records of Afni.

4.  This affidavit is made for use in the above-captioned civil action, and for all other purposes authorized by law.

5.      Afni provides contact center, receivables management, insurance, and portfolio purchasing services to a variety of companies including those in the telecommunications industry. Afni's services include collection of past-due account balances owed to its customers.

6.      I am familiar with Afni's policies and procedures regarding its customers' assignments of past-due accounts to Afni for collection, and I have access to Afni's historical records regarding these assignments.

7.      I am also familiar with Afni's policies and procedures with respect to its reporting of account information to credit reporting agencies including Experian Information Solutions, Inc. ("Experian") and Equifax Information Services LLC ("Equifax"), and I have access to Afni's historical records regarding such reporting.

8.      Sprint Nextel Corporation ("Sprint Nextel"), one of Afni's customers, placed Sprint Nextel account number [REDACTED]1428 with Afni for collection on or about November 7, 2006. Attached hereto as Exhibit A is a true and correct copy of a portion of AFNI's Account Summary record, made by and maintained in the course of the regularly conducted business activity of Afni, pertaining to the placement of the account by Sprint Nextel with Afni. (Exh. A, "Client," "Cl. Acct#" and "Placed" fields.)

9.      Among other things, Exhibit A identifies the guarantor of the Sprint Nextel account as Dawn Jenkins, with an address of 33 Eastern Ave., Unit 2, Lynn MA 01902-1343, and a "work phone" number of (781) 710-5527. (Exh. A, "Guarantor," "Street Address" and "Work Phone" fields.)

10.     In accordance with its regular procedures, Afni assigned an Afni account number, referred to by Afni as either [REDACTED]0200[REDACTED] or [REDACTED]0200, to the collection account for the Sprint Nextel debt. (Exh. A, "Case#" field.)

11. In connection with the placement of the account with Afni, Sprint Nextel provided to Afni a copy of invoices for the account dated September 6, 2005, October 6, 2005, and November 6, 2005. True and correct copies of the pertinent portions of these invoices are attached hereto as Exhibits B, C and D, respectively. Afni has maintained these invoice copies in the course of its regularly conducted business activity.

12. The Sprint Nextel invoice dated September 6, 2005 bears the label "Nextel" at the top, directs that payment of the invoice be submitted to Sprint in Carol Stream, Illinois, and explains, in part, "Although Nextel and Sprint have merged, your Nextel contracting entity and relevant payment information remains unchanged. Therefore, no changes to your Nextel account are necessary." (Exh. B, pp.1-2.)

13. The September 6, 2005 invoice is addressed to Dawn Jenkins, 349 Main Street, Saugus, MA 01906-3150, and shows total current charges due of $408.09 for the billing period of August 3 through September 2, 2005, for telephone number 781-710-5527. (Exh. B, pp.1, 4.)

14. The Sprint Nextel invoice dated October 6, 2005 bears the label "Nextel" at the top, directs that payment of the invoice be submitted to Sprint in Carol Stream, Illinois, and explains, in part, "Although Nextel and Sprint have merged, your Nextel contracting entity and relevant payment information remains unchanged. Therefore, no changes to your Nextel account are necessary." (Exh. C, pp.1-2.)

15. The October 6, 2005 invoice is addressed to Dawn Jenkins, 349 Main Street, Saugus, MA 01906-3150, and shows total current charges due for the billing period of September 3 through October 2, 2005, for telephone number 781-710-5527, to be $341.03, which includes an "Early Termination Fee" of $200. (Exh. C, pp.1, 4.)

16. The October 6, 2005 invoice also shows a previous balance of $408.09 with a

downward adjustment of $30, resulting in an outstanding balance of $378.09 and a total amount due of $719.12. (Exh. C, p.1.)

17.  The Sprint Nextel invoice dated November 6, 2005 bears the label "Nextel" at the top, directs that payment of the invoice be submitted to Sprint in Carol Stream, Illinois, and explains, in part, "Although Nextel and Sprint have merged, your Nextel contracting entity and relevant payment information remains unchanged. Therefore, no changes to your Nextel account are necessary." (Exh. D, pp.1-2.)

18.  The November 6, 2005 invoice is addressed to Dawn Jenkins, 33 Eastern Ave. Unit 2, Lynn, MA 01902-1343, and shows no current charges due for the billing period of October 3 through November 2, 2005, for telephone number 781-710-5527, but a previous balance of $719.12 and a previous payment of $408.49, resulting in an outstanding balance of $310.63. (Exh. D, p.1.)

19.  Attached hereto as Exhibit E is a true and correct copy of a portion of Afni's Account Notes pertaining to Afni's handling of the subject Sprint/Nextel account. These Account Notes were made at or near the time of occurrence of the matters reflected therein, or from information transmitted by a person with knowledge of those matters, and were kept in the course of Afni's regularly conducted business activity. These documents constitute business records of Afni.

20.  Exhibit E reflects the recording of notes from a telephone call by Plaintiff to Afni on November 20, 2006, which provide, in part, that Plaintiff stated "she is not paying this bal[ance] due to drop calls," the "Nextel rep advised her that she will not be charged for the ETF," and she "will send in a letter of dispute and support." (Exh. E, p. 2.) ETF is an abbreviation regularly used by Afni for the term, "early termination fee."

21. Attached hereto as Exhibit F is a true and correct copy of a handwritten letter from Dawn Jenkins that Afni received on or about November 30, 2006, maintained in the course of Afni's regularly conducted business activity.

22. In the November 2006 letter, Plaintiff states that Nextel "agreed to wave the deactivation fee of about (?275?) due to my having had over 9% drop calls [and] due to my job unreliable phone service could be a life or death situation." (Exh. F.) Plaintiff further states that she worked as a railroad track walker. (*Id.*)

23. On or about December 4, 2006, Afni contacted Sprint/Nextel to investigate the subject account. (Exh. E, p. 4.) Afni's account notes reflect that on December 8, 2006, Sprint Nextel's response to that inquiry provided: the account balance of $310.63 was for valid charges; Plaintiff called Sprint Nextel to report dropped calls in September 2005; Plaintiff cancelled her account the same month; and a credit of $32.83 was issued on September 27, 2005 due to the dropped calls. (*Id.*)

24. On or about January 31, 2010, Afni reported the subject account to the credit reporting agencies, including Equifax and Experian. (Ex. E, p. 5 ("01/31/10 Credit Reporting – DISP" entry)).

25. On or about January 11, 2012, Sprint Nextel recalled the subject account from Afni, and Afni therefore ceased its collection efforts on the account immediately. (*Id.* ("01/11/12 CANCEL PER CLIENT")).

26. On or about January 15, 2012, Afni instructed the credit reporting agencies, including Equifax and Experian, to remove the subject Afni collection account from Plaintiff's credit file. (*Id.* ("01/15/12 Credit Reporting – ERROR")).

27.     The entry of "Credit Reporting – ERROR" in Afni's account notes does not mean the Afni collection account had been erroneously or inaccurately reported to the credit reporting agencies. Rather, it is the code entered by Afni in the ordinary course of business in its records that indicates that it has instructed a credit reporting agency to remove an Afni account from a consumer's credit file.

Sworn to and subscribed before me this 24 day of April, 2013.

_____
Witness

_____
Notary Public

My commission Expires: August 8, 2013

[Notarial Seal]

OFFICIAL SEAL
MICHELE M KOLB
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/08/13

_____
Alicia Williams
Compliance Manager
Afni, Inc.