UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN M. JENKINS, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CIVIL ACTION NO.  1:12-CV-10622-WGY <br> ) |
| AFNI, INC.; DIVERSIFIED CONSULTANTS, INC.; EQUIFAX INFORMATION SERVICES LLC; and EXPERIAN INFORMATION SOLUTIONS, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

### DEFENDANTS EQUIFAX INFORMATION SERVICES LLC'S AND EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT

Defendants Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") respectfully submit their Reply in support of their Joint Motion for Summary Judgment (the "Motion").  The Motion should be granted in this alleged Fair Credit Reporting Act ("FCRA") case for the reasons stated in Equifax's and Experian's Memorandum of Law in support of the Motion (Doc. 77) and for the following reasons:

**I.   Plaintiff Concedes that Inaccuracy Is a Required Element of Proof for Plaintiff's Claims, and Plaintiff Has Failed to Establish that the Disputed Debt Was Reported Inaccurately.**

It is undisputed that to establish claims under 15 U.S.C. §§ 1681e(b) and 1681i, the two FCRA claims asserted by Plaintiff against Experian and Equifax, a consumer must show that the disputed information included in her credit report was inaccurate.  (*See* Doc. 77 pp. 5-6; Doc. 87 (Plaintiff's Opposition and Memorandum of Law to Defendant's Joint Motion for Summary

Judgment) ¶ 28.) Plaintiff's claims against Equifax and Experian center on their reporting of an Afni, Inc. collections account, for which the original creditor was Sprint Nextel. Equifax and Experian have come forth in their Motion with clear evidence establishing that the subject debt was Plaintiff's and that they properly reported the Afni collections account for that debt.

Plaintiff has responded by trying to distinguish between Sprint and Nextel, not by showing that the debt reported did not belong to her. Three 2005 invoices sent to Plaintiff, however, directed that payment be mailed to "Sprint" and made clear that Sprint and Nextel had merged: "Although Nextel and Sprint have merged, your Nextel contracting entity and relevant payment information remains unchanged." (Doc. 78 (Statement of Undisputed Material Facts in Support of the Motion) ¶¶ 6-7.) The fact that Plaintiff did not realize Sprint and Nextel had merged does not make Afni's reporting of the debt to Equifax and Experian, nor the subsequent reporting of the debt by Equifax and Experian, inaccurate.

Plaintiff attempts to create a disputed issue of material fact by claiming that the account number reported by Equifax and Experian for the debt was not that of the Sprint Nextel account. Again, the account reported by Equifax and Experian was the Afni collections account arising out of the Sprint Nextel account. As explained in the Motion, Afni assigned its own account number to the collection account pursuant to its regular procedure, which was the number reported to the credit reporting agencies. (Doc. 78-1 ¶¶ 10, 24.) Plaintiff has provided no support for an argument that Afni was required to report the Sprint Nextel account number to the consumer reporting agencies, or that the agencies were required to subsequently report the original creditor account number when reporting a collections account.[1]

---

[1] Plaintiff's Opposition to the Motion attaches a "3-in-1 Credit Report" from Equifax. (Doc. 87-1.) In the Experian column, the collector for the subject debt is shown as Sprint, with the account number for the collections account. In the Equifax column, the collector is shown as

Plaintiff also takes issue with the focus of the Motion, accusing Equifax and Experian of "ventur[ing] outside the scope of the allegations made in Plaintiff's first amended complaint" and using "diversionary language to establish a focus on the existence of the account rather than their failure to meet the requirements of a reinvestigation…" (Doc. 87 ¶¶ 15, 23.) On the contrary, the Motion squarely focuses on the crux of the allegations in Plaintiff's Amended Complaint ("Complaint"). The Complaint repeatedly refers, in bold and underlined text, to the "non-existent" account. (Doc. \*\*\* ¶¶ 33, 116, 119, 125, 130, 145, 172.) Equifax's and Experian's Motion establishes that the debt on the Sprint Nextel account did exist, and that they reported the Afni account for the collection of that debt accurately. Plaintiff's assertions that such a showing is outside the scope of the Complaint and diversionary are unfounded.

Finally, Plaintiff's Opposition contends, "Defendants admit rather than conducting a reasonable reinvestigation they instead simply accepted the furnisher's verification." (Doc. 87 ¶28(c).) Equifax and Experian in no way admit that they did not conduct a reasonable reinvestigation in response to any dispute lodged by Plaintiff, but deny any such allegations. The facts surrounding either defendant's reinvestigation simply need not be reached for summary judgment to be warranted. Plaintiff's FCRA claims may be dismissed without discussion of those facts because Plaintiff cannot carry the burden of establishing the element that is fundamental to her FCRA claims, inaccuracy.

---

Afni, also with the collection account number. As a preliminary matter, Experian does not control how its reporting of an account is displayed on such a tri-bureau report (i.e., whether the collection agency name or the original creditor is displayed), and Plaintiff has not come forward with any credit report issued by Experian. Moreover, as the Motion established, the debt shown on that tri-bureau report unquestionably belonged to Plaintiff.

**II.     Plaintiff's Opposition Does Not Refute Equifax's and Experian's Arguments for Summary Judgment on Plaintiff's Defamation Claim.**

Equifax's and Experian's Motion also established that summary judgment should be granted on Plaintiff's defamation claim for two reasons: (1) Plaintiff's defamation claim is preempted by the FCRA, and (2) Plaintiff cannot establish defamation under state law because the information reported was substantially true. Plaintiff's Opposition does not refute either of these arguments, and therefore does not set forth specific facts showing there is a genuine issue for trial on her defamation claim.

**III.    Conclusion**

For all the foregoing reasons and those stated in Equifax's and Experian's Memorandum of Law in support of the Motion, Equifax and Experian request that the Court grant summary judgment in their favor, dismiss Plaintiffs' claims against them in their entirety, and award Equifax and Experian all other just and proper relief, as deemed appropriate by the court.

Dated: June 18, 2013     Respectfully submitted,

**EQUIFAX INFORMATION SERVICES LLC**
by its attorneys,

/s/ Jason B. Curtin
Jason B. Curtin (BBO #682120)
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA  02108-4404
T: 617-557-5900 / F: 617-557-5999
jcurtin@rc.com

/s/ Brian J. Olson
Brian J. Olson (admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree St. N.E.
Atlanta, Georgia 30309
T: 404-215-5806/ F: 404-572-5100
bjolson@kslaw.com

*Attorneys for Defendant Equifax Information Services LLC*

**EXPERIAN INFORMATION SOLUTIONS, INC.**
by its attorneys,

/s/ Maureen P. McAneny
Maureen P. McAneny (admitted *pro hac vice*)
Jones Day
1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Tel: (404) 581-8327
Fax: (404) 581-8330
mmcaneny@jonesday.com

/s/ Robert S. White
Robert S. White (BBO #552229)
BourgeoisWhite, LLP
One West Boylston Street, Suite 307
Worcester, MA 01605
Tel: (508) 753-7038
Fax: (508) 756-1613
rsw@bourgeoiswhite.com

*Attorneys for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I certify that this document, filed through the ECF system, was sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies were sent to those indicated as non-registered participants.

John J. O'Connor
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210-2261
*Attorney for Defendant Afni, Inc. and Diversified Consultants, Inc.*

Brian J. Olson
KING & SPALDING LLP
1180 Peachtree St. N.E.
Atlanta, Georgia 30309
T: 404-215-5806/ F: 404-572-5100
bjolson@kslaw.com

and

Jason B. Curtin
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108-4404
T: 617-557-5900 / F: 617-557-5999
jcurtin@rc.com

*Attorneys for Defendant Equifax Information Services LLC*

Dawn May Jenkins
33 Eastern Avenue
Unit 2
Lynn, MA 01902

Dated: June 18, 2013.

/s/ Robert S. White
Robert S. White